UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VB Chesaning LLC
d/b/a High Life Farms,

  Plaintiff,

vs.

GHS Industries, Inc., Advantech
Bakery Technology, LLC, and
Qualex Manufacturing, LLC,

  Defendants.

Case No.  21-cv-
Hon.
Mag.

---

Vanessa L. Miller (P67794)
Foley & Lardner LLP
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226-3489
(313) 234-7100
vmiller@foley.com

*Attorney for VB Chesaning LLC d/b/a High Life Farms*

---

## COMPLAINT AND JURY DEMAND

Plaintiff VB Chesaning LLC d/b/a High Life Farms ("High Life Farms"), through its attorneys Foley & Lardner LLP, states as follows for its Complaint against GHS Industries, Inc. ("GHS"), Advantech Bakery Technology, LLC ("Advantech"), and Qualex Manufacturing, LLC ("Qualex") (collectively, "Defendants"):

## NATURE OF ACTION

1. This is an action for damages, asserting breach of contract and fraudulent inducement claims. GHS, Advantech, and Qualex retained a deposit for, but failed to deliver and install vital hemp processing equipment despite the parties' agreed-upon and time-sensitive deadline of September 2021. Despite GHS's and Advantech's representations that they would deliver the equipment on time and despite their knowledge that time was of the essence due to the nature of High Life Farms' agricultural business, the Defendants failed to uphold their end of the bargain and still have failed to provide a firm delivery date for the equipment. The Defendants' omissions have caused High Life Farms to suffer hundreds of thousands of dollars in damages, including but not limited to its significant deposit and costs stemming from being forced to rent comparable equipment to process the year's harvest.

## JURISDICTION AND VENUE

2. Plaintiff High Life Farms is a Michigan limited liability company. Each of its members is domiciled in Michigan.

3. Defendant GHS is a Kentucky corporation with its principal place of business in Hopkinsville, Kentucky. GHS conducts business in this Judicial District.

4. Defendant Advantech is a Kentucky limited liability company. Upon information and belief, each of its members is domiciled in Kentucky. Advantech conducts business in this Judicial District.

5. Defendant Qualex is a Kentucky limited liability company. Upon information and belief, each of its members is domiciled in Kentucky. Qualex conducts business in this Juridical District.

6. This Judicial District has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between High Life Farms and the Defendants and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in the Judicial District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all parties conduct business in this Judicial District, and because a substantial part of the events or omissions giving rise to the claims described in this Complaint occurred in this Judicial District.

## **SPECIFIC ALLEGATIONS**

8. High Life Farms cultivates boutique cannabis on a large scale, implementing both indoor and greenhouse cultivation methods to supply dispensaries with premium products.

9. GHS produces, installs, and trains customers to use hemp and agricultural processing equipment.

10. Advantech designs and manufactures advanced commercial bakery and processing equipment.

11. Qualex manufactures, assembles, and distributes sheet metal products.

12. On September 2, 2021, High Life Farms and GHS entered into a Purchase Agreement (the "Purchase Agreement") for the purchase and installation of a base model precision shredder, a side discharge chopper assembly, and hemp dryer (the "Equipment") for High Life Farms' farm in Chesaning, Michigan, no later than September 15, 2021. A copy of the Purchase Agreement is attached as **Exhibit 1**.

13. GHS represented that Qualex would assemble the Equipment and that Advantech would deliver and install the Equipment on GHS's behalf.

14. During the parties' negotiations, GHS repeatedly represented and confirmed that it would be able to manufacture and deliver the Equipment on time.

15. Additionally, Russel Garland, the president of Advantech, represented that he "never misses a delivery date" during the parties' negotiations.

16. High Life Farms reasonably relied on GHS's and Advantech's representations when entering into the Purchase Agreement and paying a deposit of $250,000.

17. Upon information and belief, both Advantech and Qualex have received funds from the deposit.

18. Before and after entering into the Purchase Agreement, High Life Farms repeatedly underscored the importance of the Equipment's timely delivery, as it had to be installed and running no later than October 1, 2021. That is because High Life Farms only has a 30-day window to harvest, shred, and dry its crop and would not need the Equipment again until the next harvest in September and October 2022.

19. Because GHS supplies agricultural equipment, it is independently aware of the time-sensitive nature of crops and harvesting seasons.

20. Despite High Life Farm's emphatic representations in emails and meetings that it needed the Equipment delivered and installed by September 15, 2021, GHS and Advantech failed to deliver it on time.

21. To date, the Defendants still have failed to commit to any delivery date or even provide an estimate of the Equipment's shipment date.

22. Due to GHS's abject failure to meet its contractual obligations, High Life Farms requested that GHS return the $250,000 deposit, but GHS refused.

23. In the meantime, High Life Farms was forced to rent equipment to process its harvest and incurred hundreds of thousands of dollars in damages.

## COUNT I – BREACH OF CONTRACT AGAINST GHS

24. High Life Farms incorporates the allegations in all preceding paragraphs as though fully set forth herein.

25. High Life Farms and GHS entered into the Purchase Agreement. The Purchase Agreement imposed obligations on both parties and was supported by consideration.

26. GHS materially and substantially breached the Purchase Agreement by failing to deliver and install the Equipment by the agreed-upon date of September 15, 2021, and by failing to provide adequate assurances that it would deliver the Equipment within a reasonable time.

27. As a result of GHS's breach of the Purchase Agreement, High Life Farms has suffered damages in an amount of well over $75,000, exclusive of interest, costs, and attorney's fees.

28. High Life Farms seeks judgment as hereafter set forth.

## COUNT II – FRAUD IN THE INDUCEMENT AGAINST GHS AND ADVANTECH

29. High Life Farms incorporates the allegations in all preceding paragraphs as though fully set forth herein.

30. Throughout the parties' negotiations, GHS and Advantech falsely represented to High Life Farms that they could meet High Life Farm's critical and time-sensitive request for the Equipment's delivery and installation by September 15, 2021.

31. GHS and Advantech knew or should have known that the representations alleged in the preceding paragraph were false when they made them.

32. GHS and Advantech made the false representations to High Life alleged herein with the intent to induce High Life Farms' reliance on said representations.

33. High Life Farms reasonably relied to its detriment on GHS's and Advantech's false and material representations.

34. As a result, High Life Farms has suffered injury and is entitled to recover damages in an amount of well over $75,000, exclusive of interest, costs, and attorney's fees.

35. High Life Farms seeks judgment as hereafter set forth.

### COUNT III – UNJUST ENRICHMENT
### AGAINST ADVANTECH AND QUALEX

36. High Life Farms incorporates the allegations in the preceding paragraphs as though fully set forth herein.

37. Advantech and Qualex received valuable benefits from High Life Farms, as described in more detail above, including but not limited to proceeds from High Life Farm's $250,000 deposit.

38. However, Qualex failed to assemble the Equipment, and Advantech failed to deliver and install it.

39. To avoid unjust enrichment, High Life Farms should be awarded damages, at least equal to the value of the proceeds that Advantech and Qualex received from High Life Farm's deposit, exclusive of interest, costs, and attorneys' fees.

40. In addition, High Life Farms is entitled to, among other things, direct damages, indirect damages, incidental damages, and consequential damages.

## RELIEF REQUESTED

**WHEREFORE**, High Life Farms respectfully requests that this Court order the following relief:

a. An award of money damages in favor of High Life Farms sufficient to compensate it for all forms of economic loss related to the undelivered Equipment, including without limitation, direct damages, incidental damages, and consequential damages;

b. An award of legal fees and other costs related to this matter; and

c. All other relief as permitted under the law.

## JURY DEMAND

High Life Farms requests a jury trial on all issues so triable.

Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/ Vanessa L. Miller*
Vanessa L. Miller (P67794)
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226-3489
vmiller@foley.com
(313) 234-7100

*Attorney for VB Chesaning LLC d/b/a High Life Farms*

Dated:  December 20, 2021

4891-9690-9829.4