UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VB CHESANING LLC,

    Plaintiff,                                                      Case No. 21-cv-12964
                                                            Hon. Matthew F. Leitman

v.

GHS INDUSTRIES, INC., *et al.*,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT

On December 20, 2021, Plaintiff VB Chesaning LLC filed this action against Defendants GHS Industries, Inc., Advanced Bakery Technology, LLC, and Qualex Manufacturing, LLC. (*See* Compl., ECF No. 1.)  VB alleges, among other things, that Defendants "retained a deposit for, but failed to deliver and install vital hemp processing equipment despite the parties' agreed-upon and time-sensitive deadline of September 2021." (*Id.* at ¶1, PageID.2.)

On February 28, 2022, Defendants filed motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6). (*See* Motions, ECF Nos. 17, 18.)  One of bases for dismissal is that VB has failed to plead sufficient facts to state viable claims under the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

(*See*, *e.g.*, Bakery Technology and Qualex Mot., ECF No. 17, PageID.51-52, 70; GHS Mot., ECF No. 18, PageID.97.)  Bakery Technology and Qualex further assert that VB has failed to plead sufficient facts under Federal Rule of Civil Procedure 9(b) to support VB's fraud claim. (*See* Bakery Technology and Qualex Mot., ECF No. 17, PageID.74-75.)  Finally, Bakery Technology and Qualex contend that VB has not sufficiently pleaded that the Court has personal jurisdiction over them or that this court is the proper venue for this action. (*See id.*, PageID.58-70.)

Without expressing any view regarding the merits of the motion to dismiss, the Court will grant VB the opportunity to file a First Amended Complaint in order to remedy the alleged deficiencies in its allegations identified by Defendants in the motions to dismiss.  The Court does not anticipate allowing VB another opportunity to amend to add factual and/or jurisdictional allegations that it could now include in its First Amended Complaint.  Simply put, this is VB's opportunity to allege any and all additional facts, currently known to it, that may cure the alleged deficiencies in its claims.

By **March 21, 2022**, VB shall file a notice on the docket in this action notifying the Court and Defendants whether it will amend the Complaint.  If VB provides notice that it will be filing a First Amended Complaint, it shall file that amended pleading by no later than **April 4, 2022**.  If VB provides notice that it will

not be filing a First Amended Complaint, it shall respond to the motions to dismiss by no later than **March 21, 2022.**

Finally, if VB provides notice that it will be filing a First Amended Complaint, the Court will terminate without prejudice Defendants' currently-pending motions to dismiss as moot. Defendants may re-file their motions to dismiss directed at the First Amended Complaint if they believe that such a motion is appropriate after reviewing that pleading.

**IT IS SO ORDERED.**

                                              s/Matthew F. Leitman
                                              MATTHEW F. LEITMAN
                                              UNITED STATES DISTRICT JUDGE

Dated:  March 9, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 9, 2022, by electronic means and/or ordinary mail.

                                              s/Holly A. Ryan
                                              Case Manager
                                              (313) 234-5126